IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VITO A. HOEHN, | ) | |
|    Plaintiff, | ) | Civil Case No. 7:22-cv-00089 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MISTIE H. JOHNSON, *et al.*, | ) |    United States District Judge |
|    Defendant. | ) | |

**MEMORANDUM OPINION**

Vito A. Hoehn, a Virginia inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. His complaint asserts fourteen claims alleging violations of various of his constitutional rights, including his rights under the First, Eighth, and Fourteenth Amendments. He names eight defendants, including the "post master" and supervisory officials at his facility, as well as the Director and Chief of Corrections Operations for the Virginia Department of Corrections. All of his claims, however, are based on a fundamentally flawed premise, and they are subject to dismissal on this ground. For this reason, described in more detail below, the court will dismiss his case, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim and because it is frivolous.

I.  DISCUSSION

**A.  28 U.S.C. § 1915A(a)**

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Hoehn's Claims**

Hoehn's complaint relies heavily on what he describes as "U.S.C. § 1-308 v.k. 12 Chapter 71 37th Congress," which according to him sets a three-cent postage rate for first-class mail. He has attached a copy of portion of the statute to his complaint, and it appears to be an 1863 law that states that "the rate of postage on all domestic letters transmitted in the mails of the United States, and not exceeding one half ounce in weight, shall be uniform at three cents." (Dkt. No. 1-1, at 13.)

Hoehn has repeatedly attempted to send mail from his facility by attaching a three-cent stamp. Each time, it has been returned to him for insufficient postage. He has inquired with the defendants about this issue, either directly or through the grievance procedure, and he has received advice and information from the law librarian, among others, informing him that his understanding is incorrect. Indeed, the law librarian specifically advised Hoehn that the statute on which he was relying had been repealed. Despite this, he has persisted in his belief that the postmaster is exceeding the authority set by Congress by charging a higher rate, that all of his mail is being erroneously rejected, and that he is being overcharged for postage. Many of the defendants are simply persons who have either responded to his complaints by telling him he is incorrect or have failed to respond to his complaints, which he characterizes as "deliberate

indifference" toward his constitutional rights. (*See generally* Compl., Dkt. No. 1.)

The fundamental premise underlying all of Hoehn's claims, however, is flawed. The statute on which he relies no longer governs postal rates. In 1970, the Postal Reorganization Act was passed, Publ. L. 91-375, 84 Stat. 719 (1970). It established the United States Postal Service (USPS) as an independent government agency and the Postal Rate Commission (PRC) as a body to review postal rates and offer recommendations as to rates. *See Governors of U.S. Postal Serv. V. U.S. Postal Rate Comm'n*, 654 F.2d 108, 109 (D.C. Cir. 1981); *see also generally id.* (describing in detail how postal rates are set and the interaction of the USPS and PRC); *Mail Order Ass'n of Am. v. U.S. Postal Serv.*, 2 F.3d 408 (D.C. Cir. 1993) (same). Under that system, the Governors of the postal service "are authorized to establish reasonable and equitable classes of mail and reasonable and equitable rates of postage and fees for postal services in accordance with the provisions of this chapter." 29 U.S.C. § 3621. The postal rate for a one-ounce domestic letter, as of August 29, 2021, is currently fifty-eight cents, not three. United States Post Office, "Postage rates and historical statistics," https://about.usps.com/who/profile/history/rates-historical-statistics.htm (last visited April 11, 2022).

Because Hoehn is incorrect that the postage rate is three cents and all of his claims are premised on that incorrect assertion, his claims fails and are subject to dismissal.

## II. CONCLUSION

For the foregoing reasons, Hoehn's case will be dismissed. An appropriate order will be entered.

Entered: April 12, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge